Filed 10/9/24  In re Chelsea L. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re CHELSEA L.<br><br>on<br><br>Habeas Corpus. | D084526<br><br>(San Diego County<br>Super. Ct. Nos. J521315A-D) |

ORIGINAL PROCEEDINGS in habeas corpus.  Marissa A. Bejarano, Judge.  Relief granted.

Appellate Defenders, Inc. and Laura L. Furness for petitioner.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel and Natasha C. Edwards, Deputy County Counsel, for Respondent.

Petitioner Chelsea L. seeks the issuance of a writ of habeas corpus ordering the Superior Court of San Diego County to file her notice of appeal in the underlying juvenile dependency proceeding.  We conclude counsel for Chelsea was ineffective in failing to advise her of her right to appeal adverse

jurisdictional and dispositional orders despite her desire to do so and that Chelsea took reasonable steps to pursue her rights promptly and diligently. Accordingly, we grant relief and order reinstatement of the late-filed notice of appeal.

## BACKGROUND

Chelsea is the mother of four children. In October 2023, the San Diego Health and Human Services Agency (Agency) filed a petition under Welfare and Institutions Code[1] section 300, subdivision (b), seeking to declare the four children dependents of the juvenile court.

On November 28, 2023, the juvenile court held a jurisdiction and disposition hearing, where the court found the allegations of the petition true, removed the children from Chelsea's custody and placed them with their presumed father. The court ordered the Agency to provide presumed father with family maintenance services and Chelsea with enhancement services.

At the time, Chelsea was represented by retained counsel, Samuel Sue. Chelsea claims neither the juvenile court nor Sue informed her of her right to appeal the jurisdictional and dispositional orders. And the court's minute

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

order does not state the court advised Chelsea of her right to appeal its findings and orders.[2]

Chelsea asked Sue when she could appeal the jurisdictional and dispositional orders. Sue told her "it was not the correct time" to do so. Sue does not "specifically remember" Chelsea "asking to file a notice of appeal" after the hearing or while he was her attorney of record. But he does recall that "Chelsea asked [him] what [they] could do to reverse the orders the court put in place." However, Sue did not understand Chelsea was asking to appeal the court's orders.

On January 18, 2024—less than 10 days before her right to appeal would expire—Sue was replaced with an appointed attorney, Leah Moritz. Soon after, Moritz told Chelsea the jurisdictional and dispositional orders were appealable. Chelsea then "immediately asked" Moritz to file a notice of appeal. But by that time, the 60-day deadline had passed.

Moritz prepared a notice of appeal for Chelsea to file in propria persona, anyway. Chelsea filed the notice of appeal in the superior court on March 11, 2024, 42 days past the deadline. The superior court clerk's office

---

[2]    The parties have not provided this court with a copy of the reporter's transcript of the hearing, but the Agency does not appear to dispute Chelsea's claim she was not advised by the court of her right to appeal the findings and orders.

3

acknowledged receipt of the notice of appeal but declined to file it as untimely.

The clerk forwarded the notice to Appellate Defenders, Inc. (ADI). On March 21, 2024, an ADI staff attorney was assigned to investigate whether any remedies existed to help Chelsea with her late-filed appeal. Chelsea returned the additional information to ADI by April 5. Over the next four months, while ADI investigated the matter, Chelsea continued to have consistent communications with ADI about her claim.

Additionally, ADI communicated with Sue and Moritz and obtained their declarations to support the filing of this petition, which was filed on July 29, 2024. The ADI staff attorney avers that "[n]one of the delay in the filing of this [petition] is due to [Chelsea's] conduct" but rather due to the time necessary to prepare, research, and file the petition.

DISCUSSION

Relying on the Supreme Court's decision in *In re A.R.* (2021) 11 Cal.5th 234, Chelsea asks this court to grant relief from the late filing of her notice of appeal under the doctrine of constructive filing. *In re A.R.* held that a parent in a juvenile dependency proceeding may seek relief from an attorney's failure to file a timely notice of appeal when the parent seeks relief with promptness and diligence. (*In re A.R.*, at p. 243.)

The Agency asserts that Chelsea is not entitled to relief for three reasons. First, it relies on *In re Jackson W.* (2010) 184 Cal.App.4th 247 (*Jackson W.*) and contends that by selecting and retaining her own counsel, Chelsea waived any right to object to the competency of that counsel. Second, the Agency argues *In re A.R.* is not applicable here because it involved an appeal from an order terminating parental rights rather than an appeal from jurisdictional and dispositional orders. Third, it contends that even if *In re A.R.* applies, Chelsea is not entitled to relief because she did not diligently seek relief from her attorney's failure to file an appeal on her behalf.

We disagree with each of the Agency's contentions and agree with Chelsea that relief is warranted under the circumstances here.

The parties agree that the Supreme Court's decision in *In re A.R.* governs whether parents are entitled to relief when they receive ineffective assistance of counsel in a dependency proceeding. In that decision, our high court recognized that although there is no absolute constitutional right to counsel in a dependency proceeding, there is a statutory right to competent counsel. (*In re A.R.*, *supra*, 11 Cal.5th at pp. 245–246.) There is also a right to appeal certain rulings. (*Id.* at p. 246.) The Court concluded that when the denial of the right to competent counsel interferes with the right to appeal, a reviewing court may grant a petition for writ of habeas corpus to relieve the

5

parent from the jurisdictional deadline to file a notice of appeal when counsel fails to do so. (*Ibid.*)

We disagree with the Agency that Chelsea cannot avail herself of the relief afforded under *In re A.R.* because that case involved an appeal from an order terminating parental rights, whereas Chelsea seeks to appeal from jurisdictional and dispositional orders. We do not perceive anything in the *In re A.R.* opinion to suggest the right to competent counsel applies only at that late stage, and not in the earlier stages of a dependency proceeding. And the Agency offers no logical reason to support such an arbitrary cut-off.

The Agency also opposes the petition on the basis that Chelsea chose her own counsel, who was not a certified dependency law specialist, and thereby forfeited any right to complain about the competency of that counsel. It relies on *Jackson W.*, an opinion of this court which involved a case where a parent retained private counsel who was not a specialist in juvenile dependency law. (*Jackson W.*, *supra*, 184 Cal.App.4th at p. 252.) Later, the parent moved to modify the court's order on the basis that she was provided ineffective assistance of counsel. (*Id.* at p. 255.) On appeal, this court held that because the parent "knowingly, intelligently and voluntarily chose to proceed with counsel who was not a specialist in juvenile dependency law, she cannot be heard to complain that counsel was not competently representing her *precisely because he was not 'child dependency qualified.'* "

6

(*Id.* at p. 257, italics added.) The parent in *Jackson W.* argued there was a distinction between " 'certification' " as a specialist and " 'competence,' " but we did not decide the issue. (*Ibid.*) Instead, we concluded that even if the parent did not waive the right to competent counsel, she should have filed a petition for writ of habeas corpus rather than a section 388 modification motion. (*Id.* at pp. 257—259.)

*Jackson W.* is inapposite. Chelsea does not complain that her counsel was ineffective *"precisely because he was not 'child dependency qualified.' "* (*Jackson. W., supra,* 184 Cal.App.4th at p. 257, italics added.) She complains that he failed to file an appeal when asked to do so.

We return to *In re A.R.* The Legislature created a statutory right to court-appointed counsel in "any dependency proceeding in which out-of-home placement is at stake." (*In re A.R., supra,* 11 Cal.5th at p. 246.) This was an expansion of the previous scheme, which "required the appointment of counsel in connection with parental rights termination proceedings." (*Id.* at pp. 245–246.) Finally, the Legislature clarified that parties are not merely entitled to counsel, they are " 'entitled to *competent* counsel.' " (*Id.* at p. 246.) Our Supreme Court held that, "[w]hen an attorney fails to file a timely appeal in accordance with a client's instructions, the parent may seek relief based on the attorney's failure to provide competent representation." (*Id.* at p. 243.)

The *In re A.R.* court cautioned, however, that given the critical need to avoid unnecessary delays in dependency proceedings, the parent must act "promptly and diligently in pursuing their rights." (*In re A.R.*, *supra*, 11 Cal.5th at p. 251.) Thus, to be entitled to relief, the parent must show (1) counsel was directed to file an appeal on behalf of a parent but failed to do so in a timely manner; (2) the parent would have appealed but for counsel's error, and (3) the parent acted promptly and diligently in pursuing an appeal. (*Id.* at pp. 252–253.)

Here, Chelsea has undisputedly satisfied the first two elements. Chelsea states in a declaration that she asked her retained counsel whether she could appeal, but her attorney told her that she could not appeal at that time. Her attorney admits that Chelsea asked her "what we could do to reverse the orders the court put in place," but counsel did not understand that meant Chelsea wanted to file an appeal. Although this is not a clear statement that Chelsea asked to file an appeal, it strongly indicates that she wanted to file an appeal if possible and failed to do so only due to the advice of counsel. When retained counsel was replaced by appointed counsel, Chelsea again stated she wanted to appeal the jurisdictional and dispositional orders. By then, however, it was too late. Chelsea attempted to file an appeal, but the clerk did not file the notice because it was untimely.

Thus, Chelsea would have filed an appeal but for the ineffectiveness of her counsel.

The Agency, however, disputes the third element: whether Chelsea acted promptly and diligently to file the appeal. In *In re A.R.*, the notice of appeal was filed four days late, but the Supreme Court cautioned that it was *not* suggesting that "a four-day delay is the outer limit for promptness." (*In re A.R.*, *supra*, 11 Cal.5th at p. 253.) Here, the juvenile court's orders were filed on November 28, 2023, and the time to appeal expired on January 29, 2024. Chelsea did not learn of her right to appeal until some time after that date and attempted to file her notice of appeal on March 11, 2024, 42 days past the 60-day deadline.

We observe that the juvenile court appointed new counsel to represent Chelsea approximately 10 days before the time to appeal lapsed. And Chelsea was advised of her right to appeal only after the 60-day filing period had elapsed. Upon learning that she had a right to appeal, Chelsea promptly sought assistance in preparing and filed a notice of appeal. She also maintains her parental rights at this time, and the juvenile court has not set a section 366.26 hearing. For these reasons, allowing Chelsea to proceed with her appeal does not interfere with or delay the children's long-term placement. (See *In re A.R., supra*, 11 Cal.5th at p. 256.) To bar Chelsea from "any possibility of appeal . . . would not serve any meaningful interest in

9

avoiding unnecessary delay.  It would instead serve only to penalize [her] for relying on the putatively 'competent counsel' to which she is statutorily entitled.  (§ 317.5, subd. (a).)" (*In re A.R.*, at p. 251.)

Chelsea frames her petition as a request for constructive filing of the notice of appeal.  However, the Supreme Court in *In re A.R.* declined "to extend the constructive filing doctrine to this context." (*In re A.R.*, *supra*, 11 Cal.5th at p. 253.)  Instead, it found that "[p]arents in [Chelsea's] position are entitled to seek relief on a different and independently sufficient basis:  Like other parents whose lawyers have made serious mistakes in the representation, they are entitled to seek a remedy for the violation of their statutory right to competent representation.  [Citations.]  Where, as here, a parent's failure to file a timely notice of appeal is the result of counsel's error, reinstating an otherwise-defaulted appeal is generally the only meaningfully way to safeguard the statutory right to competent representation." (*Id.* at p. 254.)  We will therefore grant the same relief here.

## DISPOSITION

The petition for habeas corpus is granted.  The clerk of the San Diego County Superior Court is directed to reinstate the notice of appeal received

10

on March 11, 2023 in case Nos. J521315A-D, and to process the appeal in the ordinary course.

DO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.